CULLIFORD *v.* GADD.[1]

*(Superior Court of New York City, General Term. January 29, 1892.)*

**1. APPEAL—CERTIFICATE THAT CASE CONTAINS ALL THE EVIDENCE.**
In the absence of a certificate in the appeal-book to the effect that the case as filed and served contains all the evidence produced at the trial, the general term cannot review questions of fact arising in the case.

**2. FRAUD—FALSE REPRESENTATIONS TO AGENT.**
To an action for fraudulent representations, it is no defense that the representations were not made to a plaintiff in person, but to her agent, if they induced the payment of money by her.

[1]Reargument denied, 18 N. Y. Supp. 208.

Appeal from jury term.

Action by Elizabeth A. Culliford against Montgomery Gadd for fraudulent representations. Verdict and judgment for plaintiff. Defendant appeals from the judgment and order denying a motion for a new trial. Affirmed.

Argued before FREEDMAN and GILDERSLEEVE, JJ.

*Sidney Harris*, for appellant.   *F. Spiegelberg*, for respondent.

GILDERSLEEVE, J.   This action is for damages sustained by the plaintiff through the fraudulent representations of the defendant. In January, 1889, at the request of the defendant, and by reason of representations that the defendant had made, the plaintiff, through her husband as agent, subscribed and paid $1,000 to a syndicate for the development of an alleged secret process for the filtration of water. The plaintiff alleges in her complaint that, at various times before her parting with the $1,000 as aforesaid, the defendant, with intent to defraud her, represented to her "that he and one Edward L. Tamsen were the owners of a very valuable secret process, called the 'Tamsen Process,' which greatly improved and facilitated the filtration of water; that he and said Tamsen were ready and willing to sell said secret to a syndicate, to be composed of 10 persons, each member to pay $1,000 cash, which syndicate, after the purchase of said alleged secret, was to form a corporation for the purpose of manufacturing and selling filters constructed on said Tamsen process; that said defendant had all the money necessary at his command to assure the success of said corporation when formed, and that no other patent had been issued in the United States or in any other country covering said alleged secret or Tamsen process, and that said defendant had secured nine members of said syndicate, above mentioned, and that each of them had paid, or was about to pay, $1,000 for the purpose of becoming a member of said syndicate." The complaint further alleges that all of these representations were false, known by defendant to be so, and were made with intent to deceive and cheat the plaintiff, and to induce her to pay the $1,000; that plaintiff believed said representations to be true, and, relying upon them, was induced and did consent to become a member of the alleged syndicate, and pay the $1,000 as aforesaid. No certificate appears in the appeal-book to the effect that the case as filed and served contains all the evidence produced at the trial. In the absence of such a certificate, we are not at liberty to review any question of fact arising in the case. The only questions we can properly consider are those of law. See *Aldridge* v. *Aldridge*, 120 N. Y. 614, 24 N. E. Rep. 1022; *Murphy* v. *Board*, (Sup.) 6 N. Y. Supp. 99; *Harkness* v. *Railroad Co.*, 55 N. Y. Super. Ct. 532. Nevertheless we have carefully examined the evidence in the case, and make the following observations, (*Harkness* v. *Railroad Co., supra:*) The potent representation made by the defendant, as appears to us, was the statement by defendant "that he and one Edward L. Tamsen were the owners of a very valuable secret process." The evidence warranted the jury in concluding that this representation was made by the defendant. It is not a defense to show that the representations were not made to the plaintiff in person, but were made to her agent, so long as they induced the payment of the money. Fraud committed on the agent is fraud upon his principal. See *Raymond* v. *Howland*, 12 Wend. 176; *Allen* v. *Addington*, 7 Wend. 9. There is testimony in the case to satisfactorily support the finding by the jury that the principal was disclosed to the defendant, and that he acted with full knowledge of the capacity in which the plaintiff's husband was acting. If this were not so, the charge of the learned trial judge that "it is immaterial whether or not the defendant knew that Culliford was acting as agent for his wife" was not error, for the reason that the agent is not bound to disclose his principal, and his failure to do so does not waive any rights of his undisclosed principal as against the defendant. See *Ludwig* v. *Gillespie*, 105 N. Y. 653, 11 N. E.

Rep. 835. The plaintiff was not obliged to establish all the alleged false representations. The proof of any material false representation that induced the plaintiff's acts was sufficient. It must have been made as charged. It must have been false, and known by defendant to be false, when made; and at the time it must have been the intention of the defendant to defraud the plaintiff; and that such acts, in furtherance of such intention, did work her an injury. It must have been that the representations were relied upon by the plaintiff as true, and that they had a material and substantial influence upon her in inducing her to part with her money; that they were of such a character as would naturally deceive a man of ordinary care, caution, and prudence, and such as common prudence and caution could not well guard against. These elements, necessary to sustain the plaintiff's action, the jury were justified in concluding that the testimony satisfactorily established. The evidence, as contained in the record before us, fully supports the contentions of the plaintiff. Such portions as were controverted were fairly submitted to the jury, and the verdict of the jury is conclusive. See *Schumaker* v. *Mather*, (Sup.) 14 N. Y. Supp. 411; *Hart* v. *Wilder*, (Super. Ct.) 13 N. Y. Supp. 615. The charge to the jury of the learned trial judge, when taken as a whole, was correct, and fully protected the rights of the defendant. We find no exceptions to the admission or exclusion of evidence of sufficient importance to claim attention here. For the reasons above indicated the judgment and order appealed from are affirmed, with costs.