## BUSH v. FOLKS.

(*Supreme Court, General Term, Fifth Department.* June 23, 1892.)

SALE—PROOF OF CONTRACT.

Defendant bought tobacco seed from one G., who had bought it from plaintiff. G. did not inform plaintiff that he was buying the seed for defendant, but told him that certain other seed purchased by him at the same time was for one S. *Held*, that the evidence did not show a sale by plaintiff to defendant so as to render plaintiff liable to defendant for false representations.

Appeal from Cayuga county court.

Action by Romine O. Bush against Humphrey Folks. From a judgment of the county court, affirming a judgment of a justice of the peace in favor of plaintiff for two dollars and costs, defendant appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.
*James Wright,* for appellant.    *A. W. Shurtleff,* for respondent.

MACOMBER, J.    The complaint before the justice of the peace was for an indebtedness of the defendant to the plaintiff in the sum of two dollars for the use of a drill.    The answer was a general denial; and, secondly, a counterclaim to the effect that in the spring of 1884 or 1885 the plaintiff sold and delivered to the defendant certain tobacco seed, and represented such seed as "Wilson Hybrid," a superior kind of tobacco, and the same turned out to be inferior quality, and not "Wilson Hybrid," to the damage, as was claimed, to the defendant, of $150.    Waiving the tort, the answer demanded judgment upon the counterclaim in the sum of $150, besides costs.    The only question upon this appeal relates to the counterclaim interposed by the defendant in his answer.    The tobacco seed mentioned in the answer, it is shown by the defendant's own evidence, was bought not by him of the plaintiff, but by him of one Grant, who in turn obtained the same from the plaintiff.    Grant testified in substance that he bought the seed from the plaintiff, and that the plaintiff said it was "Wilson Hybrid."    He did not tell the plaintiff that he was buying the seed for the defendant, but he did state to him that certain other seed which he bought of the plaintiff at the same time was for one Smith.    The testimony of the witness Grant is not altogether harmonious in its parts upon the question here presented, but we think on the whole that the justice was justified in taking the view above expressed, as he must have done, in rendering the judgment appealed from.    As there was no purchase of this seed by the defendant of the plaintiff, either personally or by the means of Grant as his agent, it follows that no right of action here set up by way of counterclaim in the answer accrued to the defendant.    It follows, therefore, that the judgment appealed from should be affirmed.

Judgment of the county court of Cayuga county, appealed from, affirmed, with costs.    All concur.