GUSTAVE W. LEMBECK, PLAINTIFF-APPELLANT, v. FREDERICK GERKEN, DEFENDANT-RESPONDENT.

Argued June 25, 1915—Decided January 28, 1916.

1. No one has the right to accept and rely upon the representation of others but those to influence whose actions they were made, and in the absence of testimony from which a jury may usually infer that the representations were made to influence the actions of the plaintiff, the plaintiff will not be entitled to recover in an action for deceit.

2. Where a defendant sold a piece of land to a person other than the plaintiff, making certain false representations to the purchaser, and the third party, relying upon the representations of the defendant, purchased the land, which in turn was sold to plaintiff, the plaintiff cannot maintain an action of deceit against the defendant on the ground that the representations made to

the third party, and upon which he relied, were false, where the proof fails to show that the third party was acting as the agent of the plaintiff in the purchase, or that defendant knew that he was in fact acting as the agent for someone else in the purchase.

On appeal from the Supreme Court.

For the appellant, *McDermott & Enright.*

For the respondent, *James J. Quill* and *H. Apington* (of the New York bar).

The opinion of the court was delivered by

KALISCH, J.   The appellant, plaintiff below, brought an action for deceit against the respondent, defendant below. On the first trial the plaintiff recovered a verdict which was set aside on a rule to show cause for the reasons set out in an opinion reported in 86 *N. J. L.* 111.

The case was brought on for trial again at the Hudson Circuit and the same evidence offered at the first trial was introduced and the court under the opinion referred to ordered a nonsuit. From the judgment entered on the nonsuit an appeal has been taken to this court.

The chief ground upon which the respondent relies to sustain the nonsuit and which goes to the root of the legal right of the plaintiff below to maintain his action for deceit against the defendant appears to have been neither raised nor passed upon by the Supreme Court in the opinion cited.

The judgment of nonsuit being the logical successful result of a demurrer to the evidence, it has the chief characteristic of a demurrer to a pleading, in that it admits the truth of the evidence but denies its sufficiency to constitute a legal cause of action against the defendant. So that the logical effect of the motion to nonsuit was to concede that the defendant made the representations and promises, knowing them to be false and impossible of performance when he made them, with the intent to deceive and to be acted upon by Mathew F. Smith, who is not the plaintiff in the cause.

In the absence of testimony from which a jury might reasonably infer that the representations and promises were made to influence the action of the plaintiff, the plaintiff will not be entitled to a recovery.

Judge Cooley, in his work on Torts (*p. 940, 3d ed.*), says:

"No one has a right to accept and rely upon the representation of others but those to influence whose actions they were made. If every one might take up and act upon any assertion he heard made or saw in print as one made for him to act upon, and the truth of which was warranted by the asserter, the ordinary conversation of business and of society would become unsafe and the customary publication of current news or supposed news would only be made under the most serious pecuniary responsibility."

We deem this to be sound legal doctrine applicable to the facts of the present case, which are briefly these: The defendant was the owner of a block of land fronting along the esplanade in Deal Beach. Between the property owned by the defendant and the public highway called the esplanade was a strip of land fifty feet wide running the entire length of the block along the esplanade, and known as "parking." Prior to January 12th, 1911, the defendant negotiated with one Mathew F. Smith for the sale of the block of land. On January 12th, 1911, the defendant entered into a contract with Smith by which he agreed to sell the block of land as described in a certain deed made by Annie M. Fischer to the defendant, bearing date July 1st, 1907, subject to the conditions and restrictions mentioned in said deed, for $53,000; Smith to pay $1,000 upon signing of the agreement and $9,000 upon the date of the closing of the title, and the balance, $43,000, was to be secured by a purchase-money bond and mortgage upon the property to be given by Smith and wife to the defendant. Accordingly, on the eleventh day of February, 1911, the defendant and his wife made a deed of the premises, described by metes and bounds, to Smith, by which the strip to the "parking" was excepted, and made subject to the conditions and restrictions in the Fischer deed. Smith and wife at the same time executed a bond and mortgage on

the same premises for the balance of $40,000 according to the terms of the contract. On the same day Smith made a deed of the same premises to Hudson Real Estate Company, and that company subsequently on May 3d, 1911, conveyed the same premises to the plaintiff.

The contention of the appellant is that Smith was acting as agent for the plaintiff and that the plaintiff was the real purchaser of the property and not Smith; that though Smith's agency in the transaction was not disclosed to the defendant, nevertheless, if the defendant knowingly made false representations to either Smith or the plaintiff or promises which the defendant knew he could not perform, with intent to deceive and to influence the purchase of the property by Smith, Smith being such agent for the plaintiff, an action for deceit would lie in favor of the plaintiff, and especially for the reason that the plaintiff had informed the defendant that the plaintiff was the financial backer of Smith and would have to assist Smith financially in the enterprise.

The evidence before us does not support this contention, nor does it support the averments of the plaintiff's declaration.

The plaintiff's declaration is founded upon the allegations that the representations and promises were made by the defendant to Smith, as the agent of the plaintiff and that Smith as such agent relied on such representations and promises and was deceived and induced thereby to purchase the property, &c., whereby the plaintiff was damnified.

The proof demonstrated that both the plaintiff and defendant regarded Smith as the buyer of the property. The written contract entered into by the defendant and Smith for the sale of the property repels the assertion that it was made for the benefit of any person other than Smith, the prospective vendee therein named. A letter, under date of February 10th, a day before the sale of the property was consummated by the delivery of the deed therefor to Smith, written and sent by the plaintiff to defendant, and introduced in evidence by the plaintiff, is an unequivocal declaration by

the plaintiff to the defendant that Smith was the buyer of the property on his own account.

In the letter the plaintiff writes: "I believe that Mr. Smith relied on it (the representation as to the ownership of the strip) and signed the contract." After stating that he, the plaintiff, was not familiar with the text of the contract which Smith entered into with the defendant, he further states: "If you can reconcile your statements with the facts as they appear, I shall be glad to have you do so, otherwise I will be compelled to inform Mr. Smith of my embarrassment and apologize for recommending his negotiating with you for the purchase of the property." Why the plaintiff felt himself obliged to apologize to Smith if the plaintiff intended to hold himself out to the defendant as the purchaser of the property cannot be explained upon any reasonable hypothesis. The only permissible construction of the contents of the letter is that the plaintiff took exceeding good care to make it appear to the defendant that Smith was the real buyer of the property. The letter makes two things plain, viz.—*first,* that the plaintiff intended that the defendant should believe that the real purchaser of the property was Smith; *second,* that the representations and promises made by the defendant were intended to and did influence Smith, only, to buy the property.

The circumstance that Smith conveyed the property on the same day he took title to it to the Hudson Real Estate Company, of which the plaintiff was president, raises a strong presumption that if Smith was acting as agent for anybody in the purchase of the property, it was for the corporation and not for the plaintiff, individually. The further fact that the real estate company held the title to the property for two months before conveying it to its president tends to strengthen that presumption. If the appellant's theory is sound, then the right of action accrued to the real estate company, who is the real principal in the transaction, and not to its president, who must be considered to have acted for the benefit of his company.

But if we assume that Smith was acting as agent for the plaintiff in the purchase of the property, the plaintiff failed

to establish that the defendant was aware of that fact, and therefore in the face of the uncontradicted cogent proof that the plaintiff impressed upon the defendant that Smith was acting for himself and was to be the real purchaser of the property, he cannot now claim, that the defendant in making the alleged false statements intended that he, the plaintiff, should be influenced by and to act upon them.

Counsel for appellant assumes in his argument that the plaintiff was an undisclosed principal and insists that under the cases cited in his brief such undisclosed principal is entitled to sue in action for deceit for the false representations made to his agent. But this is an extremely faulty statement of the legal rule and is not supported by the cases cited. The fallacy of the assumption arises from a failure to properly distinguish between a class of cases where it appeared that the party knew or had reason to believe that he was dealing with an agent of an undisclosed principal and the present case, where it appears that the defendant on dealing with Smith had no reason to believe that he was dealing with any other than the principal in the transaction.

In *Taylor* v. *Guest,* 58 *N. Y.* 262, the defendant knew that the broker was an agent for a principal and the plaintiff's broker knew that the person who made the false representations to him was the agent of the defendant. In that case the referee found that the bonds had been sold to the defendant by the plaintiff's broker and found for the defendant, and the Court of Appeals sustained the finding of the referee and took occasion to say: "There is an absence in the report in this case of any finding that the plaintiff relied upon the false representation of the defendant's agent in making the sale, or that it was one of the moving considerations thereto, nor is it a legal inference from the facts found."

The facts found by the referee were as follows: The plaintiff gave his broker bonds to sell for him and the latter sold the bonds in question for sixty per cent. of their face value to the defendant who had previous to the sale received and accepted an offer of seventy-five per cent. Pending the negotiations between the brokers, the defendant's agent, known

to be such by the plaintiff's broker, represented to the latter in order to induce him to sell the bonds that sixty per cent. was the highest price for which the bonds could be sold.

In *Raymond* v. *Howland,* 12 *Wend.* 176, the defendant was informed by the plaintiff's agent that he was acting for his principal, whose name he did not disclose.

In *Allen* v. *Addington,* 7 *Wend.* 10, the goods were obtained through the means of the defendant's fraud from a clerk in the plaintiff's store and there was no question of undisclosed principal. And in the other cases on appellant's brief, the fact that the defendant was dealing with an agent of a principal invariably appeared.

But in the present case the entire transaction from beginning to end was between the defendant and Smith and the uncontradicted proof is that Smith's agency in the matter was distinctly disavowed by the plaintiff.

For the reasons given the judgment will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, MINTURN, KALISCH, BLACK, VREDEN-BURGH, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ. 13.

*For reversal*—None.