## THORVALD NILSEN v. FARMERS STATE BANK OF VAN HOOK, NORTH DAKOTA.[1]

December 6, 1929.

No. 27,498.

[1]Reported in 228 N. W. 152.

*Daly & Barnard,* for appellant.
*Arthur T. Nelson,* for respondent.

TAYLOR, C.

Action for deceit in which plaintiff had a verdict and defendant appealed from an order denying its motion for judgment non obstante or for a new trial.

In August, 1919, Oscar Oija made a written application for a loan of $2,500 on a half section of land near Van Hook in North Dakota in which he described the character of the land and the improvements thereon, and appointed defendant his agent to obtain the loan and receive the money. Appended to the application was an examiner's report signed by P. M. Shefveland, who was the cashier of defendant, in which Shefveland stated that he had personally examined the land and believed the statements in the application to be true and believed that the applicant would meet his obligations. Shefveland mailed the application and report to Barnes Brothers of Minneapolis in this state with a letter signed by him as cashier in which he stated that Oija was one of their leading stock raisers and that the moral risk was absolutely good. Barnes Brothers declined to make a loan of $2,500 on the land, but after further correspondence with Shefveland and further explanation of the character of land by him made a loan of $2,000, secured by

a note and mortgage executed by Oija and his wife, bearing date November 18, 1919. On January 29, 1920, Barnes Brothers sold and assigned the note and mortgage to plaintiff, who paid them $2,000 therefor. The mortgagors defaulted in the payment of both principal and interest and also failed to pay the taxes on the property. For these defaults plaintiff foreclosed the mortgage and at the sale on November 30, 1925, bid in the property for the sum of $950.31, and thereafter obtained a deficiency judgment against the mortgagors for the sum of $1,542.60, which he has been unable to collect. In December, 1927, he brought this action for damages, asserting that he had been induced to buy the note and mortgage by false and fraudulent representations made by defendant concerning the character, condition and value of the land.

Defendant had no interest in and derived no benefit from the loan and contends that the acts of Shefveland were ultra vires and that it is not responsible therefor; and further contends that plaintiff, in buying the mortgage, relied wholly upon representations made by Barnes Brothers and not at all upon representations made in the application or by Shefveland.

Plaintiff never had any communication of any sort with defendant or Shefveland and never saw the application for the loan or the letters of Shefveland until the trial. Plaintiff knew Barnes Brothers and had bought mortgages from them before. He dealt wholly with them in buying this mortgage, and states that in buying it he relied on exhibit K, which they showed him, and on the statements of Barnes. Exhibit K was prepared by Barnes Brothers at Minneapolis. It is entitled: "Description of First Mortgage Farm Loan Negotiated by Barnes Brothers." It describes the character and condition of the land and the improvements thereon and also the character of the land generally and the improvements thereon in that district. It makes no reference whatever to the application for the loan and contains a number of material misrepresentations not warranted by anything in the application or the letters of Shefveland. The only statement in it not purporting to be made of their own knowledge is the following:

"Our local bank at Van Hook, with whom we have done business for many years, reports: 'Mr. Oija is one of our successful farmers, and the moral risk in this loan is A-1, and interest will be paid promptly. The borrower has a good bunch of stock. We have personally inspected this farm, and can fully verify the borrower's statements.' "

While this statement purports to be a quotation from a report of the local bank, Barnes Brothers had received no report from anyone containing that language. The only report relating to the matter which they had received was the report of Shefveland as examiner attached to the application and his letter transmitting it, which were to the effect hereinbefore stated.

The evidence would justify the jury in finding that the representations in the application were false and also that the representations made by Barnes Brothers were false to a much greater extent. The representations in the application were made to Barnes Brothers, not to plaintiff. He had no knowledge of them at the time he made his purchase and consequently could not have relied upon them. It is elementary that to recover damages for false representations, the plaintiff must show that he relied upon them to his injury. Meland v. Youngberg, 124 Minn. 446, 145 N. W. 167, Ann. Cas. 1915B, 775, and cases cited; also 26 C. J. 1137, § 57, and numerous cases cited in note 78. And as said in 26 C. J. p. 1140:

"Obviously there can be no recovery where it was impossible for complainant to have relied on the representations, because they had not been made or communicated to him at the time of the transaction."

Assuming that Barnes Brothers had a cause of action in deceit against defendant for the misrepresentations in the application, such cause of action was not transferred to plaintiff by the assignment to him of the note and mortgage. Tyson v. Ranney, 89 Wis. 518, 61 N. W. 563, 62 N. W. 931; Puffer v. Welch, 144 Wis. 506, 129 N. W. 525, Ann. Cas. 1912A, 1120; Lembeck v. Gerken, 88 N. J. L.

329, 96 A. 577; Wells v. Cook, 16 Ohio St. 67, 88 Am. D. 436; Raymond v. Railway Co. 10 Ohio Dec. (Reprint) 416; Bush v. Folks, 64 Hun, 638, 19 N. Y. S. 439; Lawrence v. Montgomery, 37 Cal. 183.

It follows that plaintiff has failed to establish a cause of action against defendant, and that defendant is entitled to judgment. It is so ordered.

[1]Reported in 228 N. W. 155.