JACK MARCUS, as Administrator of the Estate of HELEN MARCUS Deceased, Plaintiff, v. SPECIFIC PHARMACEUTICALS, INC., et al., Defendants.

Supreme Court Special Term, New York County, February 11, 1948.

*Benjamin A. Hartstein* and *Franklyn M. Stone* for plaintiff.
*Clarence E. Mellen* for defendant.

STEUER, J. The complaint alleges that the moving defendant is the manufacturer of a suppository. Upon the prescription of the other defendant, a physician, suppositories were administered to plaintiff's intestate, a child, thirteen months old. The suppositories were manufactured in two sizes, one for children, one for adults. The physician prescribed administration of two child-sized tablets daily for two days. It is alleged that a proper dose for a child of this age was one-half tablet daily. It is alleged that the child died as a result of the overdose.

To establish the liability of the moving defendant, plaintiff alleges that these suppositories were available to the public only upon the issuance of a doctor's prescription. The complaint further states that the medical profession was not generally familiar with this product and that the defendant advised physicians as to its uses, ingredients and the like by means of advertisements in medical journals. In these advertisements, it is alleged, information as to dosage was either omitted or not given with sufficient emphasis or clarity. Further, it is urged that defendant was negligent in failing to manufacture a suppository of half the strength of the regular children's size to be used by very young infants.

The last specification can be at once discarded. Defendant was under no obligation to manufacture any suppositories, nor if it did to supply ones that were suitable to any age group. Moreover, it is difficult to see on what basis this defendant can be liable to plaintiff. It made no representation to plaintiff, nor did it hold out its product to plaintiff as having any properties whatsoever. To physicians it did make representations. And should any of these be false it might be claimed with propriety that they were made for the benefit of the ultimate consumers. But there is no such claim. The sole claim is not misrepresentation or even concealment, but a negligent failure to give adequate information, and in some instances a failure to use adequate means to call attention to the information given. It may be safely conceded that these allegations would be sufficient if the product were sold to the public generally as a drug for which no physician's prescription was necessary. The situation alleged is materially different. There is no reason to believe that a physician would care to disregard his own knowledge of the effects of drugs and hence of the quantity to be administered, and substitute for his own judgment that of a drug manufacturer. Nor is there any reason to expect that if a doctor did choose to rely on the information given by the manufacturer he would prescribe without knowing what that information was. In the absence of any such grounds for belief there would be no negligence.

Plaintiff's brief makes reference to the Federal Food, Drug and Cosmetic Act (U. S. Code, tit. 21, § 301 *et seq.*) and identical provisions in the New York State Education Law. Whether there is a cause of action under these statutes cannot be determined. The complaint is not drawn along those lines and the necessary facts are not alleged.

Motion is granted with leave to serve an amended complaint on or before February 19, 1948, on payment of $10 costs.