MAX WECHSLER, as Administrator of the Estate of CAROLYN WECHSLER, Deceased, Plaintiff, *v.* HOFFMAN-LA ROCHE, INC., Defendant.

Supreme Court, Special Term, Bronx County, August 11, 1950.

*Clarence E. Mellen* for defendant.

*Nathan Feldman* for plaintiff.

RABIN, J. The complaint recites that plaintiff's intestate died as a result of the administration of a drug manufactured by defendant which was sold only on prescription of a physician and was procured by the intestate pursuant to prescription. According to the complaint, the defendant knew of the fatal propensities of its product but in its communications to the medical profession concealed and made misrepresentations with respect thereto. Plaintiff sets forth three causes of action based upon the foregoing, sounding, respectively, in fraud, negligence and implied warranty. Defendant moves to dismiss each cause of action under subdivision 5 of rule 106 of the Rules of Civil Practice and, in the alternative, to cure those aspects of the complaint it deems defective under rules 103 and 90 of the Rules of Civil Practice.

Even before *MacPherson* v. *Buick Motor Co.* (217 N. Y. 382), a manufacturer or supplier was liable in deceit for fraud worked upon third parties not in privity of contract with the manufacturer or supplier. (*Kuelling* v. *Lean Mfg. Co.*, 183 N. Y. 78.) Reliance upon fraudulent representations by persons who are not the direct addressees thereof but who may be intended or expected to learn of and act upon such representations will found an action in fraud and deceit. (*Ultramares Corp.* v. *Touche*, 255 N. Y. 170; Restatement, Torts, § 533.) Defendant here claims, however, that its representations were made to physicians and not to the intestate or persons of the class to which intestate belonged and would thus avoid liability in fraud even if the allegations in the complaint are true. But in my view one who misrepresents for his gain and benefit, at the expense of human life, should be answerable in fraud for all the reasonable and foreseeable consequences of his deception. (See *Cooper* v. *Weissblatt*, 154 Misc. 522, and cases cited and discussed at pp. 525–527.) If a more direct nexus between the fraudulent misrepresentation and the intestate is essential, it may be sup-

plied by the circumstance that the physician who prescribed the drug was acting on behalf of the intestate and the fraud committed on the doctor was, therefore, a fraud upon the intestate. (*Allen* v. *Addington*, 7 Wend. 9; *Raymond* v. *Howland*, 12 Wend. 176; *Culliford* v. *Gadd*, 28 Jones & Sp. 343, affd. 139 N. Y. 618; *Commonwealth* v. *Call*, 21 Pick [Mass.] 515; 2 Mechem on Agency [2d ed.], § 2132, pp. 1704–1705; 91 A. L. R. 1364; cf. Restatement, Agency, § 268.) Another approach to the problem here involved was suggested by STEUER, J., in *Marcus* v. *Specific Pharmaceuticals, Inc.* (191 Misc. 285, 287), when he said: '' To physicians it did make representations. And should any of these be false it might be claimed with propriety that they were made for the benefit of the ultimate consumers.'' I conclude that the first cause of action is sufficient in law.

The negligence branch of the suit appears to pose a question expressly left open in *MacPherson* v. *Buick Motor Co.* (*supra,* p. 390), in that the defendant's product could be purchased only on prescription thereby interjecting between the action of the defendant and the consumption of the drug by the intestate the surveillance of the defendant's product by the prescribing physician which would be reasonably expected from such physicians. (See *Marcus* v. *Specific Pharmaceuticals, Inc., supra;* cf. *Marcus* v. *Specific Pharmaceuticals, Inc.,* 82 N. Y. S. 2d 194.) The complaint alleges, however, that the intestate's death was caused conclusively by defendant's negligence and that allegation not only must be deemed true upon the instant motion to dismiss but is, in addition, plausible. For not every physician may be required to be familiar with the faculties of a new drug which he prescribed or, if not, to submit such a drug to elaborate clinical and laboratory tests. He is entitled reasonably to rely upon the representations of reports and tests uttered by a large and reputable drug manufacturer. Of course, it is open to the defendant to traverse the allegation of causation, but upon the face of the complaint the second cause of action, which is based on the theory of negligence, is also sufficient.

The third cause of action, however, must fail. Despite predictions and persuasive discussion that an action in implied warranty will lie even in the absence of privity of contract (See Prosser on Torts, pp. 688–693), the law in this State has been and remains to the contrary from the time of *Chysky* v. *Drake Bros. Co.* (235 N. Y. 468), down to *Campo* v. *Scofield* (276 App. Div. 413, 415). The motion to dismiss is therefore granted as to third cause of action.

I do not find that the complaint states multiple causes of action in one so as to require repleading pursuant to rule 90 of the Rules of Civil Practice. However, since the motion to dismiss is granted in part and an alternative motion has been made under rule 103 of the Rules of Civil Practice, I deem it advisable to direct the plaintiff to serve an amended pleading which will not only excise the cause of action based upon an implied warranty, but will also replead the first cause of action with more meticulous regard for the injunction contained in section 241 of the Civil Practice Act.

Settle order.