98 N.J. Super. 130 (1967)
236 A.2d 187
METRIC INVESTMENT, INC., PLAINTIFF,
v.
CHARLES PATTERSON AND ROSE PATTERSON, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided November 17, 1967.
*131 Messrs. Miller and Platt, attorneys for plaintiff.
Mr. Joseph C. Doren, attorney for defendants.
CRANE, A.J.S.C.
Defendants having failed to answer or otherwise plead, a default has been entered. Plaintiff has submitted proof and now seeks the entry of judgment.
The testimony indicates that on September 1, 1966 defendants signed a note which was made payable to Jalsco *132 Construction Co. The note was negotiated for value to plaintiff without notice of any default, and it is now the holder of said note. Defendants have paid on account the sum of $60.74, leaving a balance of $1761.46 together with attorney's fees and late charges.
While the original action on this note was pending defendants became insolvent and filed a petition in bankruptcy. Plaintiff subsequently amended the complaint to include a count for fraud based on allegedly false representations as to the financial condition of defendants made by them in a statement to Jalsco Construction Co. on August 15, 1966. Although the representations were not made to the plaintiff by defendants, plaintiff claims that it relied on said representations and was thereby induced to purchase the promissory note from Jalsco Construction Co.
The vital omission in plaintiff's proof is any showing that the representations were made to it or made with the intent that it or someone similarly situated should rely on them. In an action for fraud plaintiff must allege and prove that defendant made some representation to plaintiff with the intention that plaintiff should act on it, that such representation was false; that defendant knew it to be false when the representation was made and that plaintiff, believing it to be true acted on it and was injured. Kosobucki v. McGarry, 104 N.J.L. 65 (E. & A. 1933). See also Plimpton v. Friedberg, 110 N.J.L. 427 (E. & A. 1933), and Newark Live Poultry v. Fauer, 118 N.J.L. 556 (Sup. Ct. 1937), affirmed o.b. 120 N.J.L. 187 (E. & A. 1938).
It is true that where false representations are made to one person with the intent that they be communicated to others for the purpose of inducing the others to rely upon them, they may form the basis of a fraud action. For example, it has been held that where a defendant made false representations to one member of a family and urged him to transmit the representations to other members of the family for the purpose of inducing them to sell their shares in the family corporation at a decreased value, defendant's *133 conduct would support a charge of fraud. Judson v. Peoples Bank and Trust Co., 25 N.J. 17 (1957).
Representations made to someone other than the plaintiff without a showing of intent that plaintiff should rely upon them, however false, are not actionable in fraud. Lembeck v. Gerken, 88 N.J.L. 329 (E. & A. 1915).
Whether proof of plaintiff's right to relief should be required in a default proceeding is a matter within the discretion of the trial judge. R.R. 4:56-2(b); Reilly v. Perehinys, 33 N.J. Super. 72 (App. Div. 1954). After a default has been entered the trial judge may require proof of liability as well as proof of the amount of damages. Douglas v. Harris, 35 N.J. 270 (1961). See also Perry v. Crunden, 79 N.J. Super. 285 (Cty. Ct. 1963).
The entry of a default precludes defendant from offering testimony in defense, but does not necessarily obviate the obligation of plaintiff to furnish proof on the issue of liability as well as damages. Reilly v. Perehinys, supra.
Because of the failure to supply a necessary element of proof, the application for the entry of judgment in fraud is denied.