204 N.J. Super. 314 (1985)
498 A.2d 1262
BJL LEASING CORPORATION, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WHITTINGTON, SINGER, DAVIS AND COMPANY, INC., AND STEVEN SINGER, INDIVIDUALLY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 10, 1985.
Decided September 26, 1985.
As Corrected October 2, 1985.
*318 Before Judges PRESSLER, DREIER and BILDER.
Kathleen R. Wall argued the cause for appellant (Sugarman & Wall, attorneys; Ms. Wall on the brief).
Jay Joseph Friedrich argued the cause for respondent (Mr. Friedrich and Robert M. Schwartz on the brief).
The opinion of the court was delivered by DREIER, J.A.D.
In this action to enforce a lease of a 1969 Mercedes 280SE convertible, a partial summary judgment by default[1] was entered against defendants, lessee Whittington, Singer, Davis & Company, Inc. and guarantor, Steven Singer, requiring them to return the car to plaintiff BLJ Leasing Corporation, and to pay it $2,595, representing the conceded unpaid rentals. Defendants appeal both from the partial summary judgment and the denial of their applications to compel depositions of plaintiff and the transfer of title to the automobile to them. They also appeal a further order of November 14, 1984 again directing delivery of the automobile three days later at a specific location, and providing that if "defendant [Singer] fails to appear at that time with the automobile ... a Warrant for his incarceration shall immediately issue," and that "the plaintiff may report the vehicle as stolen to local Bergen County law enforcement." In a pre-hearing motion we permitted a stay of the order to redeliver the vehicle conditioned upon the posting of a $24,000 bond. The bond was not posted.
A review of the earlier history of this matter reveals a complete failure on the part of defendant Singer to comply with *319 orders of this court. Also, in an unrelated matrimonial action an arrest warrant was issued as a result of which Singer will not enter the State for the purpose of either depositions or trial. Ordinarily under these circumstances we would have left Singer where we found him and refused to entertain this appeal. The record, however, reveals an apparent misunderstanding by the trial court of the basis of the cause of action asserted, requiring us to correct the default judgment, without in any way excusing the conduct of defendant, although he may incidentally benefit from this modification.
The defendant corporation originally owned the subject automobile and, whether for tax advantages, to obtain ready cash or for some other purpose entered into a sale-leaseback arrangement with plaintiff pursuant to an agreement dated February 1, 1981 requiring 48 equal monthly payments of $291 for the lease of the vehicle and granting an option on the part of the lessee to repurchase the same from the lessor at the end of the lease for $1. The amount paid by the lessor for the vehicle (which the lessor claims has an appraised value of $21,500) was $7,500, although defendants contend that after deductions for various payments, fees and security deposits, they received only $6,888 in cash. Putting aside these contentions, we note that if the transaction is to be viewed as a loan even of the larger sum of $7,500 the payments would reflect an effective simple interest rate of 37% per annum. Plaintiff has contended both here and before the trial judge that the transaction was a bona fide lease of the vehicle, not a loan secured by the car. In entering default, the trial judge accepted this position.
Plaintiff's counsel, although claiming the transaction to be one in which the car was merely security, did not bring to the attention of the court the full text of the provisions of N.J.S.A. 12A:1-201(37). Rather plaintiff argued the effect of various tests applied by courts in interpretation of that section to determine whether the party's intention was to have a lease or a security transaction and how a court should determine whether *320 a particular option price at the end of a lease is "nominal." In the case before us the trial court could properly make no finding other than that the $1 purchase option at the end of the four year lease was "nominal." Although it is true that N.J.S.A. 12A:1-201(37) in defining a "security interest" focuses upon the intention of the parties to determine whether a lease is in fact a security transaction, this section establishes certain standards. It reads in part:
Whether a lease is intended as security is to be determined by the facts of each case; however, (a) the inclusion of an option to purchase does not of itself make the lease one intended for security, and (b) an agreement that upon compliance with the terms of the lease the lessee shall become or has the option to become the owner of the property for no additional consideration or for a nominal consideration does make the lease one intended for security. (Emphasis added)
The final subsection quoted should have settled the question as to whether the contract was a true lease or a security agreement. It establishes the "lease" as a security agreement as a matter of law.[2] Unfortunately, this provision was not brought to the attention of the trial judge. However, *321 since under Evid. R. 9(1) the trial judge was bound to apply this statute, he should have declared that the arrangement was a secured transaction not a true lease. We must, therefore, amend his order to correct this error.
Since we have determined that the purported lease was in fact a security agreement, and that the vehicle, although titled in the name of plaintiff, is merely security for defendants' loan,[3] their default cannot result in the forfeiture of the collateral worth $21,500 for a deficiency, even as claimed by plaintiff, of $3,425. Plaintiff is relegated to its rights under N.J.S.A. 12A:9-501 et seq. to retake the vehicle, and dispose of the same in accordance with N.J.S.A. 12A:9-504(3) at a public or private sale, but in a "commercially reasonable" manner.[4] A creditor cannot retain collateral under N.J.S.A. 12A:9-505 until he has first notified the debtor of his proposal to do so and twenty-one days have passed from this proposal without the debtor objecting *322 to it in writing. Here plaintiff has not made such a proposal, and it seems certain that if he did, defendant would object. Plaintiff cannot, as ordered by the trial court, obtain it deficiencies and retain the vehicle.
The more difficult question before us is whether any further consideration should be given to defendants' rights in view of the flagrant disregard of the court orders described earlier. Without a substantial showing of good faith on the part of defendants we can see no reason to require more from plaintiff than to appear at a proof hearing to determine the balance due in excess of the partial summary judgment already entered. R. 4:43-2(b). Plaintiff has the clear right to obtain possession of its collateral under N.J.S.A. 12A:9-503 subject to the debtor's right to redeem in N.J.S.A. 12A:9-506. Plaintiff's proceeding to establish its claim by judgment in no way adversely affects its rights to obtain possession of the collateral, since its judicial remedies and those under the Uniform Commercial Code are cumulative. N.J.S.A. 12A:9-501(1).
Since we understand that defendants contend that the amount claimed by plaintiff including the attorney's fees and costs provided by the lease agreement[5] and authorized by N.J.S.A. 12A:9-504(1)(a) are substantially in excess of the amount actually due, and this amount will be determined by the trial judge at a proof hearing, we will extend our prior order of March 14, 1985 permitting the posting of a bond in the amount of $24,000 with the Clerk of the Superior Court in lieu of defendants' immediate delivery of the vehicle to plaintiff. If the bond is posted or the vehicle delivered forthwith, the remedy imposed by the trial judge directing the issuance of an arrest warrant for defendant Singer and determining the vehicle to be stolen and so listed on law enforcement records may *323 be vacated; otherwise this appropriate relief shall remain in effect. In addition, any legal or equitable consideration that would have required a reduction in defendants' obligation by reason of unearned interest occasioned by the acceleration of the lease payments, cf. First National State Bank of N.J. v. Congruent Machine Co., Inc., 170 N.J. Super. 567, 571 (App. Div.), certif. den. 82 N.J. 280 (1979); Spiotta v. William H. Wilson, Inc., 72 N.J. Super. 572, 578-580 (App.Div.) certif. den. 37 N.J. 229 (1962), shall not be accorded defendants nor shall defendants counsel be permitted to examine witnesses or otherwise participate in the proof hearing. If, however, the vehicle is returned to the secured party or the bond posted, although no proofs shall be permitted on the part of defendants by reason of their earlier contumacious conduct before the trial court, we will exercise our discretion and permit counsel for defendants to attend the proof hearing, examine plaintiff's witnesses and present arguments as to the proper balance allegedly due. Cf. Douglas v. Harris 35 N.J. 270, 277-78 (1961); Beech Forest Hills, Inc. v. Morris Plains, 127 N.J. Super. 574, 581-82 (App. Div. 1974).
The orders appealed from are modified and this matter is remanded for further proceedings, all in accordance with this opinion. We do not retain jurisdiction.
NOTES
[1] Although this matter has been brought before us on a notice of appeal, it appears that only a partial summary judgment and default judgment have been entered; the final judgment awaits a further hearing in the Law Division. Plaintiff contends that an additional $930 in lease payments is due as well as expenses and attorney's fees. We will deem the notice of appeal heretofore filed a notice of application for leave to appeal and grant the same nunc pro tunc. R. 2:2-3(b).
[2] In the present case there is no question that the one dollar option is nominal. Other cases have applied various tests to determine whether an option price is nominal, focusing upon whether it would be economically realistic for the so-called lessee to exercise the option. See, e.g., In Re Celeryvale Transport, Inc., 44 B.R. 1007, 39 U.C.C.Rep.Serv. (Callaghan) 1818 (Bankr.E.D.Tenn. 1984); Bonczek v. Pascoe Eqp't. Co., 304 Pa.Super. 11, 450 A.2d 75, 34 U.C.C.Rep.Serv. (Callaghan) 1362 (1982). See Also, J. White & R. Summers, Handbook of the Law Under the Uniform Commercial Code, (2d ed. 1980) at 881-882. Some courts have first found the consideration to be nominal and then unnecessarily sought to determine the intent of the parties, merely using the nominal option price as one factor in their determination. General Electric Credit Corp. v. Castiglione, 142 N.J. Super. 90, 95 (Law Div. 1976) (one dollar option "further evidence that the parties intended ... a secured transaction."); In Re Shangri La Nursing Center, 31 B.R. 367, 37 U.C.C.Rep.Serv. (Callaghan) 245 (Bankr.E.D.N.Y. 1983) (one dollar option a notable factor); KTB Associates, Inc. v. Rockwell International, 33 U.C.C.Rep. Serv. (Callaghan) 1069 (U.S.D.C.E.D.N.Y. 1981) (nominal or no consideration is one factor in determining whether "lessee" becomes owner). However, we agree with the statement that it is clear that "if the option can be exercised for a nominal consideration ... then a security interest is created" W. Davenport & D. Murray, Secured Transactions, § 2.04(a) at 28 (1978), and the inquiry should there end. See e.g., In Re J.A. Thompson & Son, Inc., 665 F.2d 941, 33 U.C.C.Rep.Serv. (Callaghan) 356 (9th Cir.1982); In Re National Welding of Michigan, Inc., 17 B.R. 624, 33 U.C.C.Rep.Serv. (Callaghan) 1088 (Bankr.W.D. Mich. 1982).
[3] Our determination is that this transaction as between the parties shall be considered a loan. We do not mean to affect any other ramifications of the purported sale-leaseback such as motor vehicle registration requirements, tax treatment, or the like. Such matters are not before us. The fact that title to the vehicle was transferred to plaintiff does not preclude our determining that plaintiff is a secured party. N.J.S.A. 12A:9-202.
[4] We note further that these rights against the debtor are available to any secured party, whether holding a perfected or unperfected security interest. Since this action is between the parties to the transaction, plaintiff's having taken title rather than filing a motor vehicle financing statement would not prejudice its rights. We assume, however, that such memorializing of plaintiff's interest as an owner on the certificate of title substantially complies with the requirements of N.J.S.A. 39:10-11C mandating the filing of a financing statement with the Director of the Division of Motor Vehicles. Cf. N.J.S.A. 12A:9-402(8) and the official comment thereto; In re Circus Time, 641 F.2d 39 (1st Cir.1981). But cf. In re Manufacturers Credit Corp., 441 F.2d 1313 (3d Cir.1971), with which we disagree insofar as it holds or implies to the contrary of this opinion.
[5] The lease provides that in the event of default, attorney's fees may be charged in the amount of "either the actual fee to be paid to the attorney for his services or the minimum fees recommended by the local Bar Association, whichever is less."