923 A.2d 233

GEETA CHAKRAVARTI, PLAINTIFF–RESPONDENT, v. PEGASUS CONSULTING GROUP, INC., DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted October 4, 2006—Decided March 9, 2007.

Before Judges KESTIN, PAYNE and GRAVES.

*Earp Cohn*, attorneys for appellant (*Roy D. Ruggiero*, on the brief).

*Zuckerman & Fisher*, attorneys for respondent (*Elizabeth Zuckerman*, on the brief).

KESTIN, P.J.A.D.

Defendant, Pegasus Consulting Group, Inc., appeals from an August 26, 2005 judgment of $182,608.43 in favor of plaintiff, Geeta Chakravarti. The judgment included awards for compensatory damages, pre-judgment interest, attorney's fees, and costs. The notice of appeal specifies a particular challenge to an order entered on September 24, 2004, denying defendant's motions: 1) to vacate a September 12, 2003 order striking defendant's answer and dismissing its counterclaim, and 2) to vacate the entry of default on October 21, 2003.

Plaintiff cross-appeals from the judgment to the extent it reflects the trial court's reduction of a counsel fee award by thirty percent of the lodestar fee calculation.

We affirm as to defendant's appeal; and reverse and remand as to plaintiff's cross-appeal.

The complaint, filed July 31, 2002, and amended with leave of court on March 14, 2003, alleged unlawful gender discrimination in employment and retaliation in violation of the Law Against Discrimination (LAD), *N.J.S.A.* 10:5-1 to -42; violation of the standards of the Conscientious Employee Protection Act (CEPA), *N.J.S.A.* 34:19-1 to -8; conversion of plaintiff's salary for the last pay period of her employment and unjust enrichment; and breach of contract. Defendant answered on October 16, 2002, and, in a separate counterclaim filed on November 27, 2002, alleged breach of two employment contracts as well as a separation agreement and release; tortious interference with business relationships and with prospective economic advantages and opportunities; and breach of the duty of fidelity and loyalty.

Plaintiff served her first set of interrogatories and first request for production of documents on defendant under letter of September 10, 2002. In a letter dated December 11, 2002, addressed to defense counsel, Roy D. Ruggiero, Esq., plaintiff's counsel stated that answers to the first set of interrogatories and the documents specified in the first request for production had not been received. The letter requested that discovery, and stated that if responses were not received "in a timely manner" plaintiff would move to suppress the answer and dismiss the counterclaim. On December 13, 2002, plaintiff served her second set of interrogatories and second request for production of documents on defense counsel. Plaintiff's answer to the counterclaim was dated December 17, 2002. On that date, as well, at defendant's request, plaintiff extended the time for replying to the first set of interrogatories and the first request for production of documents until January 16, 2003. Subsequently, plaintiff's counsel granted a second extension of time until January 31, 2003.

On February 14, 2003, plaintiff moved for an order dismissing the counterclaim and striking the answer. The supporting certification stated that no discovery had been provided by defendant. Defendant sought a two-week adjournment of the motion. On April 10, 2003, the trial court granted the relief plaintiff sought without prejudice, *see R.* 4:23–5(a)(1), and ordered defendant to provide all the discovery within seven days. That order was served on defense counsel by letter of April 21, 2003.

Plaintiff supplied answers to defendant's discovery requests and, in a letter dated May 23, 2003, plaintiff's counsel agreed to extend the time for receipt of the delinquent discovery from defendant until June 9, 2003, *i.e.,* he "agree[d] not to make any motion relative to such discovery until June 9, 2003." The discovery was not received by that date and, on June 24, 2003, plaintiff moved for the entry of default. The motion, initially returnable on July 11, 2003, was postponed; and, on July 25, 2003, it was adjourned, with plaintiff's consent, at defense counsel's request on the basis that he "ha[d] been effectively discharged as counsel to [d]efendant[.]"

Thereafter, plaintiff filed a motion seeking dismissal of the counterclaim and a striking of defendant's answer with prejudice. *See R.* 4:23–5(a)(2). That motion was returnable on September 12, 2003. On September 11, Mr. Ruggiero requested another adjournment and moved for leave to withdraw as counsel for defendant. On September 12, the trial court entered an order granting plaintiff's motion. On October 10, 2003, the trial court entered an order relieving Mr. Ruggiero as counsel for defendant, but denied the request for a stay of the matter to allow for the retention of substitute counsel. On October 21, 2003, the trial court entered a default pursuant to plaintiff's latest request dated September 29, 2003.

Plaintiff then requested a proof hearing, which was scheduled for March 4, 2004. The day before, Mr. Ruggiero requested a continuance on the basis that he had been discharged months before and had only recently been re-retained. The court granted

the request for adjournment, ordering defendant to file a motion to vacate the default by March 31, returnable on April 16, 2004. When, by April 19, defendant had taken no action in this regard, plaintiff renewed her request for a proof hearing.

The proof hearing was then scheduled for August 26, 2004. On August 25, defendant moved to vacate the default and reinstate the answer, defenses and counterclaim. In the face of defendant's motion, the scheduled proof hearing was not held. The motion came before the trial court on September 24, 2004. The court ruled that defendant had not established good cause for the relief it sought. In denying the motion, the court also denied defendant's application for a stay, and scheduled the proof hearing for December 7, 2004. Defendant filed a notice of appeal, followed by plaintiff's motion to dismiss the appeal as interlocutory. Defendant cross-moved for leave to appeal. On February 11, 2005, we dismissed the appeal as interlocutory and denied the cross-motion for leave to appeal. As a result of the pendency of these motions, the proof hearing scheduled for December 7, 2004 did not occur.

The proof hearing finally began on April 26, 2005 and, following denial of plaintiff's motion for a jury trial and denial of another adjournment request from defendant, it continued on April 27. By leave of court, Mr. Ruggiero participated in the proof hearing on behalf of defendant. The court ruled that he could cross-examine plaintiff on both liability and damages, but was barred from introducing any affirmative evidence and from making an opening or closing statement. Plaintiff's counsel indicated that liability proofs, required by the court, would be presented only with respect to the gender discrimination claim.

Based on the examination and cross-examination of plaintiff and the documentary evidence produced on plaintiff's behalf, the trial judge, after entertaining written submissions from both counsel regarding "the burden that has to be met by plaintiff in the proof hearing," rendered an oral decision on May 9, 2005. He summarized the procedural history of the case, and noted that, in the proof hearing, he had allowed defendant a greater opportunity for

cross-examination than is normally permitted in such circumstances, *i.e.*, on liability as well as damages; and that even though, as is typical in such matters, defendant was not allowed to present witnesses, and was denied the opportunity to make a closing statement, Mr. Ruggiero had "eloquently essentially accomplished much of [the latter] in his written submission[.]"

The judge found that plaintiff had made a prima facie showing with respect to her allegations of unlawful gender discrimination in employment. Based on the proofs, he awarded plaintiff $118,992 in lost wages and $15,000 on her emotional distress claim, plus interest and costs of suit. He disallowed plaintiff's claim for punitive damages. The court deferred on assessing counsel fees, affording counsel for the parties the opportunity to make written submissions on that issue.

On August 26, 2005, the trial judge rendered an oral decision on the counsel fee issue. After summarizing the procedural history of the case, he found:

> plaintiff achieved the best possible level of success without going to trial on one claim, voluntarily dismissing five other counts. Of course the best possible result would have been liability on all six counts and that was not the case here. There was a paring down of the counts and because of that I am satisfied that the lodestar should be reduced by 30 percent.

The judge then calculated the allowable fees due, making discretionary adjustments to the amounts claimed, and concluded:

> The lodestar total, therefore, is $42,825.75. There is ... a reduction of 30 percent for the limited success on the claims that were prosecuted here and that's $12,847.72, so the total lodestar is $29,978.03.

After analyzing plaintiff's request for a lodestar enhancement of fifty percent and applying the standards of *Rendine v. Pantzer*, 141 *N.J.* 292, 661 *A.*2d 1202 (1995), the judge found the matter to be "analogous to *Rendine*[,]" and he determined: "the lodestar enhancement is appropriate on the lower end of the range described by *Rendine*. This court concludes that a 20 percent enhancement is appropriate." The court awarded "a total lodestar fee plus enhancement in the amount of $35,973.63." The court

went on to calculate prejudgment interest due at $10,539.95, and costs due of $2,102.85, for a total judgment amount of $182,608.43.

On appeal, defendant argues:

I. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S PLEADINGS WITH PREJUDICE FOR ITS FAILURE TO ANSWER DISCOVERY PURSUANT TO *RULE* 4:23-5(a)(2).

A. IT WAS MATERIAL ERROR FOR THE TRIAL COURT TO HAVE STRICKEN AND SUPPRESSED DEFENDANT'S PLEADINGS WITH PREJUDICE WITHOUT STRICT ADHERENCE TO THE AFFIDAVIT AND NOTIFICATION REQUIREMENTS OF *RULE* 4:23-5 *et seq.*

B. IT WAS MATERIAL ERROR FOR THE TRIAL COURT TO HAVE RULED ON PLAINTIFF'S MOTION TO STRIKE THE PLEADINGS WITH PREJUDICE AT A TIME WHEN DEFENDANT, A CORPORATION, WAS UNREPRESENTED BY LEGAL COUNSEL AND A MOTION TO BE RELIEVED AS COUNSEL WAS PENDING.

II. THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO VACATE DEFAULT AND REINSTATE DEFENDANT'S PLEADINGS.

A. THE TRIAL COURT ERRED BY NOT VACATING THE DEFAULT SINCE A CLEAR BASIS TO SET ASIDE THE DEFAULT EXISTED UNDER *RULE* 4:50-1(a) AS DEFENDANT'S CONDUCT WAS EXCUSABLE UNDER THE CIRCUMSTANCES AND DEFENDANT HAD A MERITORIOUS DEFENSE.

B. THE TRIAL COURT ERRED BY NOT VACATING THE DEFAULT UNDER *RULE* 4:50-1(f).

III. THE TRIAL COURT ERRED IN DENYING DEFENDANT THE OPPORTUNITY TO PRESENT DIRECT TESTIMONY AND/OR EVIDENCE AT THE PROOF HEARING OF THIS MATTER.

IV. THE TRIAL COURT ERRED IN DENYING DEFENDANT'S APPLICATION MADE IN ACCORDANCE WITH *RULE* 4:37-2 *et seq.* TO DISMISS PLAINTIFF'S PLEADING AT THE CLOSE OF PLAINTIFF'S CASE FOR HER FAILURE TO PROVE A RIGHT TO THE RELIEF SOUGHT.

In her cross-appeal, plaintiff argues:

THE TRIAL COURT IMPROPERLY REDUCED PLAINTIFF'S COUNSEL FEES ON THE MISTAKEN ASSUMPTION THAT, BY VOLUNTARILY DISMISSING FIVE COUNTS AND PURSUING ONLY ONE, PLAINTIFF ACHIEVED ONLY PARTIAL SUCCESS.

In the light of the arguments advanced by the parties and prevailing legal standards, given defendant's extreme conduct in ignoring its discovery obligations throughout the pendency of the case, we regard all of defendant's arguments in points I and II to be so lacking in merit as to warrant rejection without discussion in

a written opinion. *R.* 2:11–3(e)(1)(A),(E). *See, e.g., Cooper v. Consolidated Rail Corp.,* 391 *N.J.Super.* 17, 916 *A.*2d 1061 (App. Div.2007). We agree substantially with the views expressed by the two trial court judges in their respective oral rulings outlining the reasons for suppressing defendant's answer and dismissing its counterclaim with prejudice, and declining to vacate that order. The assertion that plaintiff failed to adhere, with the requisite strictness, to the affidavit and notification requirements of *Rule* 4:23–5 is, in the light of the procedural facts established, the communications between counsel, and defendant's persistent failure to discharge its discovery obligations, an elevation of form over substance. The suggestion that defendant was unrepresented at particular junctures in the history of the case has all the earmarks of a contrivance, since the same attorney represented defendant before and after the with-prejudice suppression/dismissal order was entered, and still represents defendant. Nothing defendant showed on its motion to vacate that suppression/dismissal order amounted to excusable conduct or any other ground available under *Rule* 4:50–1. *See, e.g., Feinsod v. Noon,* 272 *N.J.Super.* 248, 251–52, 639 *A.*2d 750 (App.Div.1994).

As for the nature of the proof hearing that was held, we are not persuaded by any argument defendant makes that it was entitled to a greater level of participation than the trial court allowed. It is axiomatic that where, following the entry of a default, a plaintiff seeks unliquidated damages, judgment should not ordinarily be entered without a proof hearing, *see Beech Forest Hills, Inc. v. Morris Plains,* 127 *N.J.Super.* 574, 580–82, 318 *A.*2d 435 (App.Div.1974); *see also Sema v. Automall 46 Inc.,* 384 *N.J.Super.* 145, 153, 894 *A.*2d 77 (App.Div.2006)(defining unliquidated damages), although the question of what proofs are necessary is inherently within the judge's discretion. *See Douglas v. Harris,* 35 *N.J.* 270, 276–77, 173 *A.*2d 1 (1961); *Metric Inv., Inc. v. Patterson,* 98 *N.J.Super.* 130, 133, 236 *A.*2d 187 (Law Div.1967), *aff'd,* 101 *N.J.Super.* 301, 244 *A.*2d 311 (App.Div.1968). Even though a defendant who has defaulted has relinquished the right

to present affirmative proofs in the matter, the right to challenge a plaintiff's showings in a proof hearing by way of cross-examination and argument should not ordinarily be precluded. *See Jugan v. Pollen,* 253 *N.J.Super.* 123, 129–31, 601 *A.*2d 235 (App.Div.1992), *certif. denied,* 138 *N.J.* 271, 649 *A.*2d 1291 (1994); *see also BJL Leasing Corp. v. Whittington, Singer, Davis and Co.,* 204 *N.J.Super.* 314, 322–23, 498 *A.*2d 1262 (App.Div.1985); *Beech Forest Hills, supra,* 127 *N.J.Super.* at 581–82, 318 *A.*2d 435; *Johnson v. Johnson,* 92 *N.J.Super.* 457, 464–65, 224 *A.*2d 23 (App.Div.1966); *Perry v. Crunden,* 79 *N.J.Super.* 285, 191 *A.*2d 316 (County Ct.1963); *Fox v. Fox,* 76 *N.J.Super.* 600, 185 *A.*2d 230 (Ch.Div. 1962). No such preclusion occurred here.

The judge presiding over the proof hearing in this matter afforded defendant every appropriate opportunity to challenge plaintiff's damages proofs, and even went so far as to evaluate plaintiff's showings on liability in the light of defendant's cross-examination. The judge's findings and conclusions on liability were well supported by the record. His determination that plaintiff had made a prima facie case for unlawful discrimination was in keeping with prevailing legal standards. *See Zive v. Stanley Roberts, Inc.,* 182 *N.J.* 436, 447–49, 867 *A.*2d 1133 (2005).

█ For the foregoing reasons, as to defendant's appeal, we affirm. We are persuaded, however, that the trial court's reduction of the lodestar fee because plaintiff had voluntarily dismissed five of the six counts of her complaint was an unwarranted and mistaken discretionary ruling. We hasten to add that we are fully in accord with the judge's evaluation of other factors in assessing the counsel fee award and with the discretionary adjustments he made in those connections.

█ It is clear that plaintiff achieved the result she sought via the one count on which she chose to proceed, unlawful discrimination; and that the judge's perception that she had achieved only "limited success on the claims that were prosecuted here" was incorrect. Except for plaintiff's claim of entitlement to her salary for the last period of her employment, embodied in the conversion

and unjust enrichment counts of her complaint, both involving liquidated damages, which plaintiff concedes was eventually paid, all of the relief sought in the other four counts of the complaint—unlawful gender discrimination, retaliation in violation of the LAD, violation of CEPA, and breach of contract—were subsumed in the damages awarded for the one count established in the proofs, the claim for unlawful gender discrimination. Plaintiff should not be penalized in respect of her counsel fee entitlement because she elected to proceed efficiently and with directness in fulfilling the trial court's requirement that she prove liability as well as damages. "If a plaintiff achieves excellent results in a lawsuit, counsel fees should not be reduced on the ground that the plaintiff did not prevail on each claim advanced. * * * 'The result is what matters.'" *Silva v. Autos of Amboy, Inc.,* 267 *N.J.Super.* 546, 556, 632 *A.*2d 291 (App.Div.1993) (citing and quoting *Hensley v. Eckerhart,* 461 *U.S.* 424, 435, 103 *S.Ct.* 1933, 1940, 76 *L.Ed.*2d 40, 52 (1983)). We have no sense that plaintiff abandoned an entitlement to a greater unliquidated damages award in respect of her retaliation, CEPA, or breach of contract claims than she received on account of her gender discrimination proofs. Thus, it was error for the trial court to evaluate her counsel fee entitlement on the premise that she achieved only partial success on the totality of her claims.

Accordingly, while affirming every other aspect of the judgment, we reverse and remand for reconsideration of the provision of the judgment that reflects plaintiff's lodestar entitlement to a counsel fee award.