**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4116-14T4

A.D.,

    Plaintiff-Respondent,

v.

EXCELLENT TRANSPORT CO-OP,
L.L.C., a New Jersey Limited
Liability Company,

    Defendant-Appellant,

and

PRESTIGE TAXI, INC., a New
Jersey Corporation and
EDWIN LOPEZ,

    Defendants.

_____

        Submitted February 28, 2017 — Decided June 21, 2017

        Before Judges Messano, Espinosa and Suter.

        On appeal from the Superior Court of New
        Jersey, Law Division, Passaic County, Docket
        No. L-2625-13.

        Lawrence H. Kleiner, L.L.C., attorneys for
        appellant (Mr. Kleiner, of counsel and on the
        briefs).

DiFrancesco, Bateman, Kunzman, Davis, Lehrer & Flaum, P.C., attorneys for respondent (Nicholas F. Pompelio, on the brief).

PER CURIAM

At virtually every step of this litigation, the attorneys for the parties failed to adhere to the practice and procedure governing civil actions contained in Part IV of our Court Rules. Unfortunately, the court also neglected its obligation to enforce those rules properly to "secure a just determination." R. 1:1-2(a). The result was a default judgment in favor of plaintiff for $350,000, even though, on the record before us, plaintiff's theory of defendant's liability appears tenuous. We are therefore constrained to reverse.

I.

We describe the procedural history at length because it is the crux of this appeal.

Plaintiff A.D. filed her complaint against defendant, Excellent Transport Co-op, L.L.C., and Edwin Lopez on July 2, 2013.[1] Plaintiff alleged that on July 4, 2011, she engaged the services of defendant by hiring a taxi driven by Lopez. Plaintiff

---

[1] Given the nature of plaintiff's claims, we use initials to maintain her privacy. The complaint included a third defendant, Prestige Taxi, Inc. (Prestige), and other fictitiously-named defendants. The record is unclear as to whether plaintiff ever served Prestige, however, any discussion regarding Prestige is unnecessary to resolve the issues raised on appeal.

A-4116-14T4

claimed that when she arrived home, Lopez left the cab and "accompanied her inside her residence," where he physically and sexually assaulted her. Plaintiff's complaint included counts for assault and battery against Lopez, and "respondeat superior," negligent hiring and retention, and failure to supervise against defendant.[2]

Neither defendant nor Lopez answered. Plaintiff moved for entry of default against defendant, and the court scheduled a proof hearing. One week before the hearing, on March 14, 2014, the court entered a consent order, vacating defendant's default and permitting it to file an answer, which defendant did the same day. Defendant asserted that Lopez was not an employee, and it "exercised no control over him." Defendant's pleading also asserted a third-party complaint seeking declaratory judgment against its liability insurer. Plaintiff served interrogatories and a notice to produce upon defendant on March 28.

With discovery scheduled to end on September 5, 2014, plaintiff moved to suppress defendant's pleading for failure to answer her discovery demands. On July 30, the court entered an order suppressing defendant's pleading without prejudice pursuant to Rule 4:23-5(a)(1) (the July order). After the discovery end

---

[2] Lopez was apparently convicted of an unspecified criminal offense and remained incarcerated during much of the litigation.

date passed, the court scheduled mandatory arbitration pursuant to Rule 4:21A for October 31, 2014.

Plaintiff filed a motion to suppress defendant's pleading with prejudice pursuant to Rule 4:23-5(a)(2), returnable on October 24, 2014. On October 15, the court entered an order denying plaintiff's motion to suppress Lopez's pleading without prejudice for failing to answer discovery.[3] The order reminded the parties of the October 31 arbitration date.

On October 23, 2014, defendant forwarded plaintiff its answers to interrogatories and response to the notice to produce. On the same day, defense counsel wrote the judge. He requested a two-week adjournment of plaintiff's motion, explaining that he had now supplied discovery, and his inability to contact his client's principal for one month caused the delay. Defense counsel indicated that plaintiff's counsel had not responded to "several messages," but he expressed hope that plaintiff would withdraw the motion, thereby permitting defendant to file a motion to vacate the July order and reinstate its pleading.

---

[3] Nothing in the record indicates Lopez ever filed a responsive pleading. The judge properly denied plaintiff's motion pursuant to Rule 4:24-2, which provides that except for good cause, "motions to . . . impose or enforce sanctions for failure to provide discovery must be made returnable prior to the expiration of the discovery period."

Plaintiff's counsel responded by letter dated October 24. Citing defendant's prior default and delays in providing discovery, counsel would not withdraw the motion to suppress with prejudice. What transpired next is somewhat confusing because the record does not include the motions and supporting certifications filed by the parties, and much of defendant's unsworn and uncertified assertions are made only in its brief. Nonetheless, both sides agree as to the relevant events that followed.

Defendant claims its counsel contacted the court and was advised that plaintiff's motion to suppress defendant's pleading with prejudice was not on the October 24 calendar, and the court would hear the motion in the future. However, the court considered plaintiff's motion on October 24, 2014, as scheduled and granted the motion (the October 2014 order). The judge handwrote on the order: "Defendant's attorney has violated R. 4:23[-](5)(a)." Plaintiff's counsel did not serve the order upon defense counsel until November 19, 2014, advising he had just received the order himself. The delay in receipt of the order is unexplained by the record.

Without knowledge of the October 2014 order, defendant filed opposition to plaintiff's motion and a cross-motion to reinstate its pleading on October 31. See R. 4:23-5(a)(1) and (2). Defendant then failed to appear at the October 31, 2014

arbitration. The arbitrator noted plaintiff's claims of "vicarious liability and negligent hiring[,] retention/supervision," and awarded plaintiff $350,000, dividing liability equally between defendant and Lopez. The court entered an order the same day, striking defendant's pleading and ordering that defendant "shall be deemed to have waived the right to demand a trial de novo" for failing to appear. R. 4:21A-4(f).

Plaintiff moved to confirm the arbitration award on December 3. Defendant filed opposition and apparently cross-moved for an order vacating the October order and deeming defendant's request for a de novo trial, allegedly filed on November 19, to be timely.

The judge entered two orders on January 12, 2015 (the January 2015 orders). One order denied defendant's cross-motion because "[t]here [was] no evidence of a de novo being filed in the court's file." The second order confirmed the arbitration award and entered judgment for $350,000 in favor of plaintiff against defendant and Lopez "jointly and severely (sic)." The judge handwrote on the order: "Defendants['] continued failure to provide discovery, to restore their answer, to appear at arbitration and to timely file a motion or even de novo is inexcusable."

This appeal ensued.

II.

Defendant's notice of appeal (the NOA) seeks review of the October 2014 order, suppressing its pleading with prejudice, and the January 2015 orders. The NOA and case information statement, however, do not mention the October 31, 2014 order that the court entered immediately upon defendant's failure to appear at arbitration. Significantly, that order deemed defendant's absence to be a waiver of the right to demand trial de novo.

It is well settled that only those orders designated in the NOA are subject to appeal. 1266 Apartment Corp. v. New Horizon Deli, Inc., 368 N.J. Super. 456, 459 (App. Div. 2004). However, Rule 4:21A-4(f) permits the non-appearing party to seek relief upon a showing of good cause.[4] For the reasons that follow, we conclude defendant established good cause for relief, based upon the earlier, erroneous entry of the October 2014 order suppressing its pleading with prejudice. Defendant's motion to vacate the October 2014 order, denied in one of the January 2015 orders,

---

[4] At the time of the arbitration in this case, the Rule provided the court would serve each party, including the non-appearing party, with copies of the award. R. 4:21A-5 (2014). The Rule permitted the non-appearing party to seek relief "only on a showing of good cause and on such terms as the court may deem appropriate." R. 4:21A-4(f) (2014). Under the Rule then in effect, "there [was] no time frame for seeking relief under subsection (f)." SWH Funding Corp. v. Walden Printing Co., 399 N.J. Super. 1, 11 (App. Div. 2008).

therefore should have been granted. The result is that defendant's failure to include the October 31, 2014 order in its NOA presents no hurdle to providing appropriate relief.

"[T]he standard of review for dismissal of a complaint with prejudice for discovery misconduct is whether the trial court abused its discretion, a standard that cautions appellate courts not to interfere unless an injustice appears to have been done." Abtrax Pharms., Inc. v. Elkins-Sinn, Inc., 139 N.J. 499, 517 (1995). "We generally defer to a trial court's disposition of discovery matters unless the court has abused its discretion or its determination is based on a mistaken understanding of the applicable law." Rivers v. LSC P'ship, 378 N.J. Super. 68, 80 (App. Div.) (citing Payton v. N.J. Tpk. Auth., 148 N.J. 524, 559 (1997)), certif. denied, 185 N.J. 296 (2005).

The case law decided under various iterations of Rule 4:23-5 (the Rule) has sounded a consistent theme, namely that "meticulous attention" to our Court Rules is required before suppressing a party's pleadings with prejudice. See Zimmerman v. United Servs. Auto. Ass'n, 260 N.J. Super. 368, 376-77 (App. Div. 1992). "Pursuant to [the Rule], there is a two-step process for dismissing a complaint for failure to answer interrogatories." St. James AME Dev. Corp. v. City of Jersey City, 403 N.J. Super. 480, 484 (App. Div. 2008). "It is well-established that the main objective of

the two-tier sanction process in [the Rule] is to compel discovery responses rather than to dismiss the case."  A&M Farm & Garden Ctr. v. Am. Sprinkler Mech., L.L.C., 423 N.J. Super. 528, 534 (App. Div. 2012).

After a pleading is dismissed or suppressed without prejudice pursuant to subsection (a)(1) of the Rule,

> the party entitled to the discovery may, after the expiration of 60 days from the date of the order, move . . . for an order of dismissal or suppression with prejudice.  The attorney for the delinquent party shall, not later than 7 days prior to the return date of the motion, file and serve an affidavit reciting that the client was previously served as required by subparagraph (a)(1) and has been served with an additional notification in the form prescribed by Appendix II-B, of  the pendency of the motion to dismiss or suppress with prejudice.  In lieu thereof, the attorney for the delinquent party may certify that despite diligent inquiry, which shall be detailed in the affidavit, the client's whereabouts have not been able to be determined and such service on the client was therefore not made . . . .  Appearance on the return date of the motion shall be mandatory for the attorney for the delinquent party or the delinquent pro se party.  The moving party need not appear but may be required to do so by the court.  The motion to dismiss or suppress with prejudice shall be granted unless a motion to vacate the previously entered order of dismissal or suppression without prejudice has been filed by the delinquent party and either the demanded and fully responsive discovery has been provided or exceptional circumstances are demonstrated.
>
> [Rule 4:23-5(a)(2) (emphasis added).]

When served with a motion to dismiss or suppress with prejudice, the delinquent party's counsel must do two things: file an affidavit indicating the client was notified of the motion's consequences in accordance with the form prescribed, or otherwise certify the client's whereabouts are unknown; and appear on the motion date. "Each of these requirements performs the valuable function of establishing a record for the benefit of court and counsel that a party has had requisite notice." A&M Farm & Garden Ctr., supra, 423 N.J. Super. at 535.

The Rule imposes the following affirmative obligation upon the judge:

> If the attorney for the delinquent party fails to timely serve the client with the original order of dismissal or suppression without prejudice, fails to file and serve the affidavit and the notifications required by this rule, or fails to appear on the return date of the motion to dismiss or suppress with prejudice, the court shall, unless exceptional circumstances are demonstrated, proceed by order to show cause or take such other appropriate action as may be necessary to obtain compliance with the requirements of this rule.
>
> [R. 4:23-5(a)(3).]

"The requirement that the court take 'appropriate action as may be necessary to obtain compliance' calls upon the court to exercise its inherent authority to make certain its decision to terminate

the litigation is an informed one."  A&M Farm & Garden Ctr., supra, 423 N.J. Super. at 537-38.

We do not condone defendant's actions in this case.  It failed to supply any discovery until the day before the return date of plaintiff's motion to suppress with prejudice.  Defendant also failed to comply with the Rule, in that it never moved to vacate the order of suppression without prejudice prior to the return date.  R. 4:23-5(a)(2).

However, defense counsel supplied discovery before the return date and sought an adjournment based upon an alleged inability to contact his client.[5]  He further claimed he was advised when requested an adjournment that the motion was not on the court's calendar.

Importantly, the record fails to reveal the court performed its obligations under the Rule, and, in this case, that made a significant difference.  First, there would have been no confusion about whether the motion was under consideration or was adjourned had the court made defense counsel appear on October 24, 2014 as the Rule requires.  The court would have had the benefit of

---

[5] We do not resolve whether defendant supplied "fully responsive discovery."  R. 4:23-5(a)(2).  Even if it did not, a bona fide dispute over the adequacy of discovery responses must be resolved before the court may dispose of a motion to dismiss with prejudice or restore a pleading.  St. James AME Dev. Corp., supra, 403 N.J. Super. at 485-86.

A-4116-14T4

considering defense counsel's excuse for the tardy discovery and the imposition of sanctions short of suppression with prejudice. Instead, the court entered the October 2014 order, which was not served on plaintiff's counsel until nearly one month later. In the interim, the arbitration took place.

Defendant argues it was improper to conduct the arbitration since its pleading was suppressed in July and had not been restored by the arbitration date. While our Court Rules do not specifically address these circumstances, Rule 4:21A-4(f) provides in relevant part, "[a]n appearance on behalf of each party is required at the arbitration hearing[,]" thereby implying defendant's obligation to appear, even if its pleading has been suppressed. See also R. 4:21A-9 (detailing specific procedures regarding notice to defaulting parties and the effect of their non-appearance at arbitration). Moreover, defendant was in the process of trying to have the motion to suppress with prejudice adjourned precisely so it could move to restore its answer. If for no reason other than well-founded caution, defendant should have appeared at the arbitration.

It is at this point that plaintiff's failure to abide by our Court Rules led to an unjust result. In accordance with Rule 4:21A-6(b)(3), plaintiff timely-moved to confirm the arbitration award. As noted, the judge granted plaintiff's request in one of

12

the January 2015 orders, which entered judgment in plaintiff's favor against defendant and Lopez jointly and severally for the amount awarded by the arbitrator.  This was procedurally improper.

Rule 4:21A-9(d) provides:  "If a party who has obtained an arbitration award against the defaulting party moves for confirmation of the arbitration award and entry of judgment pursuant to R. 4:21A-6(b)(3), that party shall comply with the provisions of R. 4:43-2 and R. 1:5-7 and shall provide sufficient proof of compliance to the court."  In this case, Lopez apparently was in default, and defendant was effectively in default because its answer had been suppressed with prejudice.  However, plaintiff failed to comply with Rule 4:43-2.

Rule 4:43-2(b) requires the court to conduct a proof hearing when "it is necessary to take an account or to determine the amount of damages or to establish the truth of any allegation."  This was such a case.

Moreover, "[e]ven though a defendant who has defaulted has relinquished the right to present affirmative proofs in the matter, the right to challenge a plaintiff's showings in a proof hearing by way of cross-examination and argument should not ordinarily be precluded."  Chakravarti v. Pegasus Consulting Grp., Inc., 393 N.J. Super. 203, 210-11 (App. Div. 2007).  At the proof hearing, a plaintiff may be required to prove her theory of liability.  See,

13

e.g., Newman v. Isuzu Motors Am., Inc., 367 N.J. Super. 141, 145-46 (App. Div. 2004) (holding it was an abuse of discretion for the court not to require the plaintiff to demonstrate grounds for relief under respondeat superior liability or other "novel" theories of recovery).

On the meager record before us, understandably lacking because of defendant's dilatory discovery production, nothing rebuts defendant's assertion that Lopez was not its employee, nor is there any evidence supporting plaintiff's claim that defendant was independently negligent in the hiring, retention or supervision of Lopez. At the least, defendant had the right under our Court Rules to contest plaintiff's theory of liability and quantum of damages, even though it failed to appear at the arbitration.

Plaintiff's counsel never sought to comply with Rule 4:43-2; he simply moved to confirm the arbitration award and enter judgment. The court mistakenly granted this relief. We conclude it was error to enter the January 2015 order for judgment.

Instead, the court should have considered the adequacy of defendant's discovery responses, and if sufficient, granted defendant's cross-motion to vacate the October 2014 order or taken other appropriate action. See, e.g., Adedoyin v. Arc of Morris Cnty. Chapter, Inc., 325 N.J. Super. 173, 182 (App. Div. 1999)

14

(obligating the judge to resolve a dispute regarding the adequacy of the discovery responses). For the following reasons, the court also should have restored the matter to the trial calendar.

As we said in <u>SWH Funding</u>,

> [d]espite our unequivocal disapproval of defense counsel's conduct, we are loath to visit the sins of the lawyer upon the innocent client. We are also mindful of the well-established public policy disfavoring final dispositions based solely on procedural irregularities. We thus conclude that defense counsel's conduct, although not arising to excusable neglect, constitutes "good cause" within the meaning of <u>R.</u> 4:21A-4(f), warranting giving his client[] the opportunity to have [its] defenses rise or fall on the merits of [its] case.
>
> [399 <u>N.J. Super.</u> at 14 (citations omitted).]

We also noted that a party seeking to set aside a default arbitration award must additionally "make[] a 'good faith assertion of a meritorious defense' to the plaintiff's claims." <u>Id.</u> at 11-12 (quoting <u>Del. Valley Wholesale Florist v. Addalia</u>, 349 <u>N.J. Super.</u> 228, 232 (App. Div. 2002)). For the reasons already explained, defendant asserted a meritorious defense. We therefore reverse the January 2015 order denying defendant's cross-motion and reinstate defendant's pleading.

We remand the matter for further proceedings consistent with this opinion, including, the court's consideration of appropriate "litigation expenses and attorney's fees incurred [by plaintiff]

for services directly related to [defendant's] non-appearance" at arbitration. R. 4:21A-4(f). We leave further conduct of the litigation to the sound discretion of the trial court.

Reversed and remanded.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION