**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2205-19

ARELIS PARRA,

     Plaintiff-Respondent,

v.

FRANCISCO S. GUZMAN,
ESQUIRE, and THE GUZMAN
LAW PRACTICE, PC,

     Defendants-Appellants.

_____

Submitted March 1, 2021 – Decided September 8, 2021

Before Judges Messano and Suter.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-0577-18.

John V. Salierno, attorney for appellants.

Kassem & Associates, PC, attorneys for respondent (Rowan N. Lambie and David A. Nufrio, on the brief).

PER CURIAM

Defendant Francisco S. Guzman and the Guzman Law Practice, PC, (collectively defendants) appeal the March 1, 2019 order that denied their motion to vacate a default judgment and the December 19, 2019 order entering judgment against them for $95,000 following a proof hearing. For reasons that follow, we affirm in part and reverse in part, remanding for a new proof hearing on damages.

I.

We relate the facts from the proof hearing. On February 14, 2014, plaintiff Arelis Parra was a passenger in a motor vehicle owned and operated by her daughter, Jessica Parra, when they were involved in an accident with another motor vehicle operated by Leonardo Soto Morales and owned by Saul F. Castillo-Zometa. Plaintiff alleged she sustained injuries to her "head, neck, back and both shoulders." She obtained medical treatment for more than a year during which time she had two epidural injections and was prescribed oral medication and pain patches. Plaintiff claimed she suffered two lumbar herniations, a torn labrum of the left shoulder and partial tendon tear of the right shoulder from the accident.

Plaintiff testified that continuing pain affected her sleep and ability to do chores around the house. She also suffered from a "bit of depression and

anxiety." Her son testified about plaintiff's continuing limitations after the accident in 2014. Plaintiff testified she incurred out-of-pocket medical expenses from the accident. Her claim for social security disability was denied. She acknowledged she had a "small accident in 2009," but she was not injured.

Shortly after the accident, plaintiff retained defendant to represent her. She knew defendant through a family member. She signed a document in his office, but she never received a copy of it. Defendant told her he filed a lawsuit for her injuries and from time to time, she checked on his progress. She retained another attorney on February 23, 2017, because she had doubts about defendant's progress. She learned defendant never filed a personal injury case for her and that he missed the deadline to do so.

On February 9, 2018, plaintiff filed a legal malpractice complaint against defendants. She alleged she sustained "severe and permanent bodily injuries and related damages" from the accident in 2014, that defendant was her attorney and that he failed to timely file a complaint to protect her rights. She asserted that this failure was a breach of defendants' duty to her and caused her damages.

A default was entered against defendants on May 26, 2018, when they did not answer the complaint. After that, however, plaintiff's complaint was

dismissed for lack of prosecution. She filed a motion to reinstate it and then a request to enter a default judgment against defendants.

On January 11, 2019, the court granted plaintiff's motion to reactivate the case and entered a default judgment in favor of plaintiff and against defendants on the issue of liability. Plaintiff's counsel was to contact the court to schedule a proof hearing.

Defendants filed a motion to vacate the default judgment. A copy of the motion papers is not included in the record on appeal. However, plaintiff described in her brief that defendant certified he received a copy of the summons and complaint from his secretary on or around March 1, 2018.

On March 1, 2019, the motion judge denied defendants' motion to vacate the default, finding they failed to establish "excusable neglect for failing to file an [a]nswer to the [c]omplaint." The motion judge found defendant "acknowledges" he was served and "assumes responsibility for the case falling into default status . . . ." The only "meritorious defense" that defendants offered was that the client was "non-cooperative." In a separate order on March 1, 2019, the motion judge granted plaintiff's cross-motion for attorney's fees and costs, ordering plaintiff to submit an affidavit of services for the court's consideration.

Defendants then moved to dismiss plaintiff's complaint for lack of prosecution. On July 12, 2019, the motion judge denied that motion finding defendants were in default and only were permitted to participate in a proof hearing on damages.

The proof hearing was conducted on three separate dates in 2019. An order of judgment was entered on December 19, 2019. The trial judge found that plaintiff proved an "attorney[-]client relationship existed between [plaintiff and defendant]." They had a meeting about two weeks after the accident and "several meetings" after that. Plaintiff confirmed that defendant counseled her to contact welfare and Medicaid about her unpaid medical expenses.

The trial court noted there was little evidence about liability but that "it [was] reasonable to infer that one or both of the drivers were negligent and caused the accident and that [plaintiff], as a passenger, did not have any comparative fault." On the facts, the trial judge considered a no-cause verdict would be "unlikely." She also found defendant was not subject to the verbal threshold. The judge stated it was "reasonable to infer" plaintiff was likely to prevail on the liability portion of the negligence case.

The trial judge noted there was limited evidence about damages. There were no narrative reports about prognosis or causation and no evidence of

5

plaintiff's "overall health or life expectancy." The medical records were "scant." At best, plaintiff showed she was diagnosed with shoulder injuries and two herniations of the spine, all of which were treated conservatively. The trial court determined the bodily injury portion of the case was worth $95,000, inferring the disc herniations and shoulder injuries were permanent injuries.

The trial court entered an order of judgment on December 19, 2019, against defendants and in favor of plaintiff for $95,000. The order contemplated the record might be supplemented, permitting the parties to submit "outstanding medical bills" by January 29, 2020. The court noted in its accompanying statement of reasons that plaintiff's claimed out-of-pocket expenses "would be subject to the PIP fee schedule" and allowed both counsel to make written submissions on that issue. The order established January 29, 2020, as the deadline for any party to file a motion on "the non-collectibility of any judgment that would have been made against the tortfeasors in the underlying auto negligence action," said motion to be returnable on February 14, 2020. The court noted the issue of "collectibility" was not addressed in the proof hearing, although it was "an essential element in proving a legal malpractice claim." It was willing to accept a late-filed motion from defendants on this issue because they had the burden of proof on the issue.

6

Defendants filed a notice of appeal on February 3, 2020. They raise these issues on appeal:

I.  BECAUSE DEFENDANTS ESTABLISHED EXCUSABLE NEGLECT, AND MR. GUZMAN WAS NOT PERSONALLY SERVED, THE TRIAL COURT ERRED IN DENYING THE MOTION TO VACATE DEFAULT JUDGMENT.

II.  BECAUSE PLAINTIFF FAILED TO PROSECUTE THE COMPLAINT, THE TRIAL COURT ERRED IN DENYING DEFENDANTS' MOTION TO DISMISS.

III.  THE TRIAL COURT ERRED IN ENTERING JUDGMENT AGAINST DEFENDANTS WITHOUT EXPERT EVIDENCE OF PLAINTIFF'S INJURIES.

IV.  THE TRIAL COURT ERRED IN ENTERING JUDGMENT AGAINST DEFENDANT, FRANCISCO S. GUZMAN, WITHOUT ANY VEIL-PIERCING ANALYSIS.

II.

The motion judge's decision to grant or deny a motion to vacate a default judgment should not be disturbed on appeal unless it represents a "clear abuse of discretion." Hous. Auth. of the Town of Morristown v. Little, 135 N.J. 274, 283-84 (1994); Orner v. Liu, 419 N.J. Super. 431, 435 (App. Div. 2011). An abuse of discretion is committed "when a decision is 'made without a rational

7

explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467-68 (2012) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

The motion judge is obligated to review a motion to vacate a default judgment "'with great liberality,' and should tolerate 'every reasonable ground for indulgence . . . to the end that a just result is reached.'" First Morris Bank & Tr. v. Roland Offset Serv. Inc., 357 N.J. Super. 68, 71 (App. Div. 2003) (alteration in original) (quoting Mancini v. E.D.S., 132 N.J. 330, 334 (1993)). "All doubts . . . should be resolved in favor of the parties seeking relief." Mancini, 132 N.J. at 334 (1993).

To obtain relief under Rule 4:50-1(a), a defendant must show both excusable neglect and a meritorious defense. Ibid. "'Excusable neglect' may be found when the default was 'attributable to an honest mistake that is compatible with due diligence or reasonable prudence.'" Guillaume, 209 N.J. at 468 (quoting Mancini, 132 N.J. at 335). To determine if a defense is meritorious, "[w]e must examine defendant's proposed defense . . . ." Bank of New Jersey v. Pulini, 194 N.J. Super. 163, 166 (App. Div. 1984).

Defendants argue the motion judge erred by not vacating the default judgment. They claim excusable neglect and a meritorious defense. However,

defendants did not include a copy of their motion or supporting certifications with the record on appeal. "A party on appeal is obliged to provide the court with 'such other parts of the record . . . as are essential to the proper considerations of the issues.'" Soc'y Hill Condo. Ass'n v. Soc'y Hill Assocs., 347 N.J. Super. 163, 177 (App. Div. 2002) (other citations omitted) (quoting R. 2:6–1(a)(1)(H)). Without the motion and supporting certifications, we do not know what materials were before the trial judge, although the court — who heard the motion — expressly found that defendant acknowledged he was served with the complaint and assumed responsibility for the case "falling into default status . . . ." It was defendants' responsibility to provide the record for our review.

There is nothing in this record on appeal that would excuse defendants' neglect. There was no record of plaintiff's lack of cooperation or showing that her injuries were insubstantial as argued in their appellate brief. Defendant argues now that he was not properly served, but the motion judge found that he was aware of the complaint and acknowledged responsibility for not proceeding. Given this record, we affirm the March 1, 2019 orders.

Defendants' argument that plaintiff failed to prosecute her legal malpractice complaint lacks sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E). The case obviously proceeded because there was a proof hearing.

9

Defendants next argue that the trial court erred by entering judgment without expert evidence of plaintiff's injuries. A judgment entered after a contested proof hearing is subject to limited review. Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011). On appeal, the issue is whether there was substantial credible evidence to support the judgment. Ibid. We recognize that in a proof hearing "the question of what proofs are necessary is inherently within the judge's discretion." Chakravarti v. Pegasus Consulting Group, Inc., 393 N.J. Super. 203, 210 (App. Div. 2007). However, defendants had the right to challenge plaintiff's proofs through cross-examination even if they could not present affirmative proofs. Ibid.

A legal malpractice complaint is premised on negligence. "The elements of a cause of action for legal malpractice are (1) the existence of an attorney-client relationship creating a duty of care by the defendant attorney, (2) the breach of that duty by the defendant, and (3) proximate causation of the damages claimed by the plaintiff." McGrogan v. Till, 167 N.J. 414, 425 (2001) (internal citations omitted).

There was substantial credible evidence to support the trial court's finding there was an attorney-client relationship between plaintiff and defendant. They met several times about the accident. There was information he represented her

in the past. He counseled her about the unpaid medical bills. Plaintiff claims she signed an agreement for representation but was not given a copy.

An affidavit of merit (AOM) generally is required in a malpractice case to show the duty owed by a defendant to his client and to allege a breach of that duty. N.J.S.A. 2A:53A-27; Cowley v. Virtua Health Sys., 242 N.J. 1, 16 (2020). The common knowledge doctrine serves as an exception to the AOM requirement when the claimed malpractice or professional negligence involves matters of common knowledge. Hubbard v. Reed, 168 N.J. 387, 394 (2001). The failure to commence an action within the statute of limitations constitutes a common knowledge exception to the general rule requiring expert testimony for the standard of care. Brizak v. Needle, 239 N.J. Super. 415, 431-32 (App. Div. 1990).

There is no dispute about the date of the accident or that a personal injury lawsuit was not filed within two years. Defendant breached his duty to plaintiff by not filing the personal injury action within the two-year statute of limitations.

The issue in this case involved damages. In a legal malpractice case, "the plaintiff has the burden of proving by a preponderance of the evidence that (1) [s]he would have recovered a judgment in the action against the main defendant, (2) the amount of that judgment, and (3) the degree of collectibility of such

A-2205-19

judgment." Hoppe v. Ranzini, 158 N.J. Super. 158, 165 (App. Div. 1978). "The issue of noncollectibility . . . is one of proximate cause. It is well settled that an attorney is liable for any loss 'proximately caused the client by his negligence . . . .'" Albee Assoc. v. Orloff, Lowenbach, Stifelman and Siegel, PA., 317 N.J. Super. 211, 222 (App. Div. 1999) (quoting Gautam v. DeLuca, 215 N.J. Super. 388, 397, 521 A.2d 1343 (App. Div. 1987)). We do not restrict resolution of the issue of collectibility to the period after a judgment is entered. Ibid.

The trial court entered a judgment for $95,000. However, there was no medical proof that plaintiff's claimed injuries were proximately caused by the accident because there was no medical testimony. Plaintiff was not qualified to give a medical opinion that she had a herniated disc or torn labrum in her shoulder or that these related to the 2014 accident rather than the earlier accident. Medical testimony about these issues was required here. There needed to be proof about the collectibility of the judgment. These proofs also were absent. The trial court did not resolve plaintiff's motion for attorney's fees.

We are constrained to reverse the $95,000 judgment based on these deficiencies and remand for a new proof hearing limited to the issue of damages and collectibility.

Defendants' contention there was some requirement to pierce the corporate veil lacks sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

Affirmed in part; reversed and remanded for a proof hearing on the issue of damages only consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13                                                           A-2205-19